# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed January 5, 1903.

STATE OF MARYLAND, USE OF FLORENCE E. SCOTT, WIDOW OF ALONZO THOMAS SCOTT, DECEASED,

VS.

THE MAYOR AND CITY COUNCIL OF BALTIMORE AND THE CONSOLIDATED GAS COMPANY OF BALTIMORE.

---

*W. Frank Tucker* and *William W Varney* for the plaintiff.

*Olin Bryan* for the Mayor and City Council of Baltimore.

*William Cabell Bruce* for the Consolidated Gas Company.

**RITCHIE, J.—**

In view of what I think is the controlling fact in this case, it is not necessary to discuss the question of notice to either the City or Gas Company of the existence of gas in the manhole referred to. Nor is it necessary to discuss the legal sufficiency of the evidence offered to show that the existence of gas in this manhole was due to the negligence of either or both of the defendants. For the purposes of this case their negligence may be assumed.

The controlling fact in this case is, that Brogden was placed in the situation of peril from which Scott sought to rescue him, by his own contributory negligence, and his exposure to peril therefore was not directly due to the negligence of the defendants.

The testimony shows ·that Brogden was one of a gang, of which Scott was foreman, in the employ of the city, whose duty it was, from time to time, to examine the various manholes connected with the city's system of electric conduits. In the discharge of his ordinary duties, Brogden entered the manhole in question, and was very soon overcome by gas. Scott and Kopriva hurried from the surface of the street to his assistance; they entered the manhole in order to rescue Brogden, and were also overcome, and when Scott's body was brought out he was found to be dead.

The plaintiff relies on Marney's case, in 88 Md., and claims that because Scott exposed himself to danger in order to save human life, he was not guilty of negligence; and, therefore, if there was negligence on the part of the defendants, the widow of Scott is entitled to damages for his death.

It is true that one who voluntarily exposes himself to danger in order to save human life is not guilty of negligence, · provided he takes no greater risk than would be taken by a man of ordinary prudence under like circumstances. If the exposure to peril of the one whom it is sought to save, was due directly to the negligence of the defendant, such negligence will be regarded as the direct cause of any injuries suffered by the person who attempted to save the one in peril.

` There is nothing here to show that .Scott's act was rash or unnecessary, but in suits founded on negligence it is not enough to show that the plaintiff was free from negligence, and the defendant was guilty of it. It must be further shown that the negligence of the defendant was the direct cause of the injuries sued for, and if there be a failure to show this, there can be no recovery.

In Marney's case, the plaintiff exposed himself to danger in order to rescue his fellow workmen from a situation of peril in which they were placed, by reason of the incompetency of a fellow servant, who had been retained in service by the Steel Company notwithstanding its knowledge of his incompetency. Had the workmen whom Marney sought to save been injured, the Steel Company would have been liable to them for damages, *because* their injuries would have been the direct result of an act of negligence chargeable to the Company.

It was, therefore, because the peril to which these men were exposed was due directly to the negligence of the Company, that the same negligence was regarded as the direct cause of Marney's injuries and he was entitled to recover.

But if such had not been the case, those workmen would have had no right of action, and consequently Marney would have had none.

And so in the New York case cited by the Court of Appeals, the plaintiff who exposed himself to danger to save the child about to be run over by the railroad train, was entitled to recover because the peril to which the child was exposed was due directly to the negligence of the railroad company.

In Marney's case there was no question of the contributory negligence of those whom he attempted to save, but the decision in that case rests on the fact that their exposure to peril was due directly to the negligence of the Company. Had they been guilty of contributory negligence, their exposure to peril would have been the result of their own act, and the Company would not have been liable to Marney, because it would not have been its act which directly caused such exposure. ` ·

And so, if Brogden's exposure to peril was directly caused by his own negligence the defendants could not be held liable to any one for a situation brought about, not by their act, but by the act of Brogden. If his peril was not directly due to the negligence of the defendants, such negligence could not be regarded as the direct cause of Scott's death.

The uncontradicted evidence shows that entering these manholes was part of the regular employment of Brogden and the other men with him; that they were all perfectly familiar with the danger of entering manholes: they had been in hundreds of them; they knew the likelihood of finding gas there; they knew the danger of contact with gas; they had had the warnings of experience; and, besides this, they had been furnished with blowers and other appliances, to meet the very contingency of finding gas in the manholes. Not only so generally, but in this particlar instance Brogden knew there was gas in this manhole when he went down, but used no precaution whatever. Under these circumstances Brogden's exposure to peril was due directly to his own negligence, and not to the negligence of defendants, and the plaintiff therefore is not entitled to recover.

I will grant the prayers of the City and the first prayer of the Gas Company as offered, and also the third prayer of the Company as modified.

It is not necessary to pass on the prayer as to notice.